[No. B011091. Second Dist., Div. Three. July 31, 1986.]

LOS ANGELES UNIFIED SCHOOL DISTRICT, Petitioner, v.
PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent;
CLASSIFIED UNION OF SUPERVISORY EMPLOYEES, LOCAL 347,
SEIU, AFL-CIO, Real Party in Interest.

COUNSEL

O'Melveny & Myers, Gordon E. Krischer and Cliff Fonstein for Petitioner.

Dennis M. Sullivan, Jeffrey Sloan and Martin Fassler for Respondent.

Henry S. Barbosa and Douglas D. Barnes for Real Party In Interest.

Reich, Adell & Crost, Glenn Rothner and Anthony R. Segall as Amici Curiae on behalf of Real Party in Interest.

OPINION

DANIELSON, J.—The Los Angeles Unified School District (District) seeks extraordinary relief in the nature of administrative mandamus from Decision No. 424 of the Public Employment Relations Board (Board) deciding that the Supervisory Employees Union, Local 347, AFL-CIO (Local 347) and Los Angeles City and County School Employees Union, Local 99, AFL-CIO (Local 99), both affiliates of the Service Employees International Union (SEIU International), are not the "same employee organization" within the meaning of Government Code section 3545, subdivision (b)(2).[1] We

---

[1] Section 3545 reads in part: "(b) In all cases: ... (2) A negotiating unit of supervisory employees shall not be appropriate unless it includes all supervisory employees employed by

conclude that the two locals are the "same employee organization" for purposes of bargaining unit determination, and grant the petition.

## PROCEDURAL HISTORY

Local 347 sought to represent all of the District's classified supervisory employees. The District opposed recognition of Local 347 on the ground that such recognition would violate subdivision (b)(2) of section 3545, in that Local 99 presently represents units of rank-and-file employees who are supervised by members of the proposed unit, Local 347.

The representation hearing was bifurcated, and the sole issue before the hearing officer was whether Local 99 and Local 347 are the "same employee organization" within the meaning of the statute. On October 6, 1983, the hearing officer issued a proposed decision holding that the two locals were not the same employee organization.

The District filed a statement of exceptions to the proposed decision with the Board, which issued its final decision affirming the proposed decision on October 24, 1984.

On January 28, 1985, the Board joined the District's request for judicial review of the decision. (Gov. Code, § 3542, subd. (a).) The present petition was filed on February 19, 1985. (Gov. Code, § 3542; Cal. Rules of Court, rule 59.)

## FACTS

In the spring of 1977, a number of supervisory employees of Los Angeles County school districts, some of whom were members of Local 99, commenced efforts to organize a union which would represent only school district supervisors. The proposed new union, then known as Local 699, was assisted by Thomas Zuniga and Bob Anderson, organizers employed by SEIU International, for a period of at least eight months. During this period, Zuniga also spent time working with Local 99; Anderson was his supervisor.

In September 1977, Anderson and Zuniga filed a petition for an election to determine whether Local 699 would be chosen as the exclusive representative of supervisory employees of the Los Angeles Community College

the district and shall not be represented by the same employee organization as employees whom the supervisory employees supervise."

District (Community College District). The Community College District objected to the holding of an election on the ground that Government Code section 3545, subdivision (b)(2) prevented certification of Local 699 because Local 99 was the exclusive representative for the rank-and-file employees of the Community College District.

The Board determined that Locals 699 and 99 were not the same employee organization. In an unpublished opinion, Division Two of this court reversed the decision and remanded the matter to the Board which, in December 1981, issued a revised decision holding that, in the particular circumstances of that case, Locals 699 and 99 were in fact the same employee organization as of March 25, 1980.

Meanwhile, in August 1978, Local 699 hired Robert Hunt as its temporary secretary-treasurer. He was paid by SEIU International until January 1979, when he assumed office as secretary-treasurer, and commenced receiving his salary from the local.

In October 1978, Local 699 filed its petition for an election to determine whether it would be chosen as the exclusive representative of the District's supervisory employees. That petition is the subject of this appeal.

By late 1978, Local 699 received its first income from dues payments; however, SEIU International continued to subsidize the local, providing $8,000 in 1980 and 1981. For one week during the fall of 1978, and one week during the winter of 1978-1979, SEIU International provided four or five field organizers to Local 699, at no cost.

In January 1982, Local 699 merged with another organization, Local 347, to become Supervisory Employees Union, Local 347. It is this unit to which we refer as Local 347.

In addition to Anderson and Zuniga, SEIU International employees Paul Nawrocki and A. J. Linderman performed services for both Local 347 and Local 99, the former in 1979 and 1980, and the latter as late as 1981. Local 347 also received assistance from a political coordinator employed by Joint Council No. 8, to which both locals belong.

A member of each of Local 99 and Local 347 serves on the 26-member Executive Board of SEIU International. Both locals pay per capita dues to SEIU International. A portion of those dues is set aside for locals engaged in authorized strikes. SEIU International encourages locals of common employers to support one another in strike situations. In 1980, SEIU Interna-

tional informally mediated a dispute between Locals 347 and 99 concerning supervisory employees who remained members of Local 99 following organization of Local 347.

The SEIU International constitution requires that all members of locals be members of the SEIU International, subject to its discipline, and that any member violating his oath of office, working as a strikebreaker, violating the union's wage or work standards, or injuring the interests of another member, may be disciplined by imposition of fines, suspension, or expulsion. A local's constitution must be approved by the SEIU International, whose constitution will govern in the case of any conflict. A local must pay its per capita taxes to the SEIU International before paying its other bills, and may not strike without first notifying the SEIU International, which may veto a strike. SEIU International approval is required to cancel a general membership meeting or to hold a fundraising event. The SEIU International may place a local in trusteeship, appointing and paying a trustee to conduct the local's affairs subject to the supervision and direction of the SEIU International "for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of this International Union, whenever the International President has reason to believe that such action is required." The SEIU International executive board may merge existing local unions and decide jurisdictional questions between them.

The political activities of both Local 347 and Local 99 are generally coordinated by the SEIU International and its regional arm, Joint Council No. 8.

Finally, SEIU International has adopted a "program of coordinated organizing and bargaining" with common employers.

### CONTENTIONS

The Board reached its decision that Locals 99 and 347 are not the same employee organization by applying an actual domination test. The District contends this test is in direct conflict with the legislative purpose of Government Code section 3545, subdivision (b)(2), which can be served only by application of a potential conflicts test.

The Board and Amicus, American Federation of State, County & Municipal Employees, AFL-CIO, contend the Board properly construed the statute; the Board also contends that substantial evidence supports its determination

that neither local dictates the other's course of action, or is so controlled by the International as to render it an alter ego of the International.

## Discussion

 Local 347, referring to the earlier decision of Division Two of this court, claims that any indicia of actual dominion by SEIU International then existing have been eliminated, and urges that this is sufficient to establish that the two locals are not the same employee organization for purposes of bargaining unit recognition.[2] The District, on the other hand, argues that not only has Local 347 failed to establish its claimed change in status, but also that the test should be whether there is a potential for dominion and control, based on the organizational scheme affecting the International and its locals, and that such is the case here.

 "Under established principles [the Board's] construction is to be regarded with deference by a court performing the judicial function of statutory construction, and will generally be followed unless it is clearly erroneous. [Citations.]" (*San Mateo City School Dist.* v. *Public Employment Relations Bd.* (1983) 33 Cal.3d 850, 856 [191 Cal.Rptr. 800, 663 P.2d 523].) In the present case, the Board urges that its construction of the phrase "same employee organization" should be upheld.

Subdivision (c) of Government Code section 3542 provides, in part: "The findings of the board with respect to questions of fact, including ultimate facts, if supported by substantial evidence on the record considered as a whole, are conclusive."

Both Local 347 and the District, citing the Board's earlier decision in *Sacramento City Unified School District* (1980) PERB Dec. No. 122, agree that the Legislature, in enacting section 3545, subdivision (b)(2), had as one of its purposes the prevention of situations in which the loyalty of supervisors might be divided between management and rank-and-file, nonsupervisory, employees. In deciding the present case, the Board, relying on the *Sacramento City* decision, which rejected a per se affiliation test, held: "[T]wo employee organizations which are affiliated with the same international will be found to be the same employee organization if 'either organization in fact dictates the other's course of action,' or 'if their parent organization in fact controls both of them in such a manner and to such degree as to render those locals mere alter egos of the international, unable

---

[2]Division Two applied an affiliation per se test, and also found an identity of interest and function between the locals, as well as sufficient control by the International, to preclude representation of the supervisors by the predecessor of Local 347.

to determine and control their own course of action.' However, if two affiliated locals 'are in fact separate and autonomous entities that act independently from each other and from their common parent,' they will not be considered the same employee organization."

Using this test, the Board looked only to the actual conduct of the relationships between and among the locals and SEIU International at the time of its decision, and determined that, inasmuch as SEIU International was not then exercising any of its rights to control Local 347 or its members, the local was not subject to the dominion and control of the International. (Cf. *Fairfield-Suisun Unified School District* (1980) PERB Dec. No. 121.)

In our view, this approach is both simplistic and unwieldy. It fails to take into account the very real probability that a local operating in a relationship such as the present one with its international, is controlled by the potential consequences of its failure to conduct its affairs in accordance with the perceived wishes of the international. It also promotes uncertainty, in that the status of a given local as an appropriate representative of supervisory employees is subject to change from day to day. ■ For these reasons, we hold that two bargaining units which are affiliated with the same international are the same employee organization if either unit actually or potentially exercises substantial control over the other's course of action, or if the international actually or potentially exercises such control over both of them.[3]

This test will promote both clarity and certainty. As the District points out, inquiry with respect to conflicts of interest will generally occur prior to certification of a proposed bargaining unit, and must of necessity depend upon "logical projection from known facts." Here, those known facts include the actual relationship between SEIU International and Locals 347 and 99, as provided for in their respective constitutions and bylaws, and established by past practice. (See *N.L.R.B.* v. *North Shore University Hosp.* (2d Cir. 1983) 724 F.2d 269, 273.) Having examined those facts, we conclude that Locals 347 and 99 are the same employee organization within the meaning of section 3545, subdivision (b)(2), and that Local 347 is not an appropriate

---

[3]Grodin suggests that a per se affiliation test may be appropriate, stating: "To counter the problem of conflict-of-interest which would exist with the inclusion of supervisors and non-supervisors in the same bargaining unit, most statutes provide that public sector supervisors and nonsupervisors may not be included in the same bargaining unit. Other statutes, such as California's Educational Employment Relations Act (Gov't Code Section 3545(b)(2)), go further and provide, in addition, that a 'negotiating unit of supervisory employees ... shall not be represented by the same employee organization as employees whom the supervisory employees supervise.'" (Grodin et al., Collective Bargaining in Public Employment (3d ed. 1979) pp. 60-61.)

negotiating unit of District supervisory employees because Local 99 represents District employees supervised by those supervisors.

## DECISION

Let a peremptory writ of mandate issue requiring respondent Public Employment Relations Board of the State of California to vacate PERB Decision No. 424 of October 24, 1984, which decided that Local 347 and Local 99, although both are locals of the Service Employees International Union, are not "the same employee organization" as defined by Government Code section 3545, subdivision (b)(2), and make a new and different decision that they are the same employee organization.

Lui, Acting P. J., and Arabian, J., concurred.